607 F.2d 1216
 Wayne STUDT d/b/a Studt's Super Valu, Appellee,
v.
UNITED STATES of America; Robert Bergland, Secretary of the
Department of Agriculture; Food and Nutrition
Services, Appellants.
 No. 79-1176.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 13, 1979.
Decided Oct. 29, 1979.
 
 Patricia G. Reeves, Atty. App. Staff, Civ. Div., Dept. of Justice, Washington, D.C. (argued), Barbara Allen Babcock, Asst. Atty. Gen., Washington, D.C., Robert D. Hiaring, U.S. Atty., Sioux Falls, S.D., and Robert S. Greenspan, Washington, D.C., on brief, for appellants.
 David M. Axtmann, Highmore, S.D., for appellee.
 Before HEANEY and ROSS, Circuit Judges, and LARSON,* Senior District Judge.
 PER CURIAM.
 
 
 1
 The United States appeals from a decision of the United States District Court, District of South Dakota,[1] disqualifying Appellee Wayne Studt from participating in the Food Stamp Program for a period of sixty days. Appellee was found guilty of exchanging non-eligible items for food stamps in violation of the Food Stamp Act of 1977. Appellant claims that the district court erred in reducing the one-year disqualification imposed by the Department of Agriculture to a sixty day period of disqualification.
 
 
 2
 Wayne Studt owns and operates Studt's Super Valu, a retail grocery store in Highmore, South Dakota. During a three-day period in October of 1977, the Food and Nutrition Service, a branch of the Department of Agriculture, conducted an investigation of Studt's Super Valu after statistics compiled by that office revealed that redemption of food stamps at the store was substantially higher than the redemption rate at other retail grocery stores in the surrounding geographic area. Under the Food Stamp Act of 1977, 7 U.S.C. § 2011 Et seq., and its predecessor the Food Stamp Act of 1964, food stamps may be accepted only for eligible food items, See 7 C.F.R. § 272.2(b), and no money may be given as change in a food stamp transaction. The investigation, conducted by compliance specialists of the Food and Nutrition Service and their aides, consisted of five separate purchases from the Super Valu store, in which a specialist or an aide would attempt to make mixed purchases of eligible and ineligible items with food stamps. All attempted purchases were made without objection by employees of Studt's Super Valu; among the ineligible items purchased were razor blades, paper goods, detergents, and cigarettes. Two of the purchases were made from Studt's wife, one of two clerks working at the store. Testimony at the trial indicated that Studt had been contacted numerous times prior to the compliance investigation, at which times the Food Stamp Program had been explained to Studt and he had been warned that food stamp violations probably were occurring at the store.
 
 
 3
 As a result of the investigation Studt was disqualified from participating in the Food Stamp Program for a period of one year. At his request, a hearing and review of this decision was held by the Food and Nutrition Service, which upheld the sanction originally imposed. Studt appealed this determination to the Hyde County Court of South Dakota; the case was removed to the United States District Court, District of South Dakota pursuant to 28 U.S.C. § 1442(a). The district court held that the imposition of a year's disqualification was arbitrary and capricious, finding that no policy existed in the store to violate the Food Stamp Act, and therefore reduced the period of disqualification from one year to 60 days.
 
 
 4
 On appeal, appellant United States contends that the district court erred in substituting its judgment for the judgment of the Department of Agriculture as to the appropriate sanction for violation of the Food Stamp Act. At no time has Studt denied that he was in violation of the Food Stamp Act. The only question before us, therefore, is the appropriate standard of review of the sanction imposed on the appellee. The section of the Food Stamp Act that authorizes review of an action taken by the Department of Agriculture is found in 7 U.S.C. § 2023 (1978). Section 2023 provides in part:
 
 
 5
 The suit in the United States district court . . . shall be a trial De novo by the court in which the court shall determine the validity of the questioned administrative action in issue. If the court determines that such administrative action is invalid, it shall enter such judgment or order as it determines is in accordance with the law and the evidence.
 
 
 6
 We are persuaded that the Fourth Circuit's decision in Cross v. United States, 512 F.2d 1212 (4th Cir. 1975 (en banc)), is the correct interpretation of the review provisions of § 2023. In that case the Fourth Circuit recognized that the district court is authorized to conduct a De novo review of the validity of the Department of Agriculture's determination that the Food Stamp Act has been violated. A more limited scope of review applies, however, when the administrative determination that a violation has occurred is valid and the challenge is to the sanction imposed on the violator of the Act. According to the decision in Cross, if only the sanction is challenged, the district court must limit its review to a determination of whether the sanction imposed on the violator is arbitrary and capricious. See id. at 1217-18. We agree with the analysis of the Fourth Circuit that the De novo review provision of § 2023 applies only to a determination of the validity of the Department of Agriculture action, and hereby adopt the reasoning of their decision in Cross. When violation of the Food Stamp Act is admitted, the district court is not authorized under § 2023 to substitute its judgment for that of the Department of Agriculture in determining the appropriate sanction to be imposed for violation of the Act. Only when the Department of Agriculture has acted in an arbitrary and capricious manner in imposing a sanction may the district court alter the sanction.
 
 
 7
 In the present case, there is no evidence that the Department of Agriculture, acting through the Food and Nutrition Service, acted in an arbitrary and capricious manner in disqualifying Studt from participating in the Food Stamp Program for a one-year period. Under the facts of this case, the Department of Agriculture reasonably could have concluded that it was a store policy to exchange non-eligible items for food stamps or, alternatively, that despite sufficient compliance efforts by Food and Nutrition Service personnel, Studt persisted in exchanging major non-grocery items, such as cigarettes and razor blades, for food stamps. Either finding would justify imposing the year's disqualification under Food Stamp guidelines. Not finding the Department of Agriculture's sanction to have been arbitrary and capricious, we find the district court's reduction of the sanction to have been erroneous and accordingly reverse that decision.
 
 
 
 *
 The Honorable EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation
 
 
 [1]
 The Honorable ANDREW W. BOGUE, United States District Judge for the District of South Dakota