**Ed MAXIA, d/b/a Ed's Clover Farm Supermarket, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 82–1426.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 30, 1982.

Decided Sept. 7, 1982.

George W. Proctor, U. S. Atty., Sherry P. Bartley, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Michael Everett, Zolper & Everett, Jonesboro, Ark., for appellant.

Before ARNOLD, Circuit Judge, STEPHENSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Appellant Ed Maxia, owner and operator of Ed's Clover Farm Supermarket, appeals from the judgment of the District Court[1] upholding the action of the Department of Agriculture disqualifying him from participating in the Food Stamp Program for a period of six months. The District Court found that the appellant had a store policy of exchanging conspicuously ineligible merchandise, such as cigarettes, for food stamps in violation of the Food Stamp Act of 1977, 7 U.S.C. § 2021. The appellant does not challenge the finding that violations occurred at his store, but alleges that the trial court erred in ruling that the sanction imposed on appellant by the Food and Nutrition Service (FNS) of the Department of Agriculture was not arbitrary and capricious.

Appellant operates a small grocery store in Tyronza, Arkansas, and became authorized to participate in the Food Stamp Program in 1970. Since that time, Department of Agriculture personnel have made eight educational and four compliance visits to appellant's store. Two of the compliance visits resulted in confirming letters dated September 19, 1974, and August 19, 1976, notifying the appellant of violations found by FNS personnel. A 1977 investigation disclosed minor violations warranting an official warning letter dated June 23, 1977. Over a five-week period in March and April of 1978, undercover shoppers made six investigative visits to appellant's store. Store personnel sold ineligible merchandise for food stamps to the undercover shoppers on five of these visits. Of the total merchandise sold to FNS personnel, approximately 42 per cent was ineligible, including items of highly conspicuous ineligibility.

On January 11, 1979, the Department of Agriculture sent appellant a letter stating that the Department had reason to believe appellant had violated the Food Stamp Act and requesting an explanation. Appellant denied committing any violations. On April 13, 1979, FNS notified appellant he was disqualified from participation in the Food Stamp Program for six months. Appellant requested and received an administrative review of the agency's determination. The disqualification was upheld.

Appellant filed for judicial review of the administrative disqualification in the Unit-

[1]. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

ed States District Court for the Eastern District of Arkansas. On March 29, 1982, trial *de novo* was held on the issue of whether violations had occurred. The District Court also considered whether the administrative sanction was imposed in an arbitrary and capricious manner. See *Studt v. United States*, 607 F.2d 1216, 1218 (8th Cir. 1979) (appropriate standard of review by district court of administrative sanction imposed for violation of the Food Stamp Act is whether Government has acted arbitrarily or capriciously). The District Court held that violations had occurred and that the disqualification was neither arbitrary nor capricious.

We have reviewed the record and briefs of both parties and find that no error of law appears in the District Court's opinion, nor are its findings of fact clearly erroneous. We accordingly affirm. See 8th Cir. R. 14.