580 F.Supp. 1564 (1984)
Young G. HAN, t/a Han's Farm Market, Plaintiff,
v.
FOOD AND NUTRITION SERVICE OF the UNITED STATES DEPARTMENT OF AGRICULTURE; and Malachy P. Cox, Chief, Coupon Use and Redemption Section; and Bert S. Hall, Food Stamp Review Officer, Defendants.
Civ. A. No. 82-2306.
United States District Court, D. New Jersey.
March 8, 1984.
As Amended March 23, 1984.
*1565 Murray Gendzel, DeGeorge & Gendzel, Trenton, N.J., for plaintiff.
Bette Uhrmacher, Mary Gibbons Whipple, Asst. U.S. Attys., Trenton, N.J., for defendants.

OPINION
BISSELL, District Judge.
Plaintiff, Young G. Han, t/a Han's Farm Market, brings this civil action against the United States for a review of a decision of the Department of Agriculture's Food and Nutrition Service (FNS) withdrawing his authorization to participate in the Federal Food Stamp Program, 7 U.S.C. §§ 2011, et seq.
Plaintiff, the owner of Han's Farm Market in Trenton, New Jersey, was authorized to accept food stamps from customers in exchange for eligible food items and, in turn, to redeem the stamps for cash or additional food inventory, pursuant to 7 U.S.C. § 2011. Defendant, United States, is authorized to be sued pursuant to 7 U.S.C. § 2011 when a participant in the Food Stamp Program has been disqualified for a period of time by the United States Department of Agriculture (USDA) for violations of the Food Stamp Program.
In early 1978, FNS determined that Han's Farm Market was redeeming food stamps at a rate in excess of other food stamp stores in the Trenton area. Accordingly, Mr. R. McConnell, a representative of the FNS, visited plaintiff's market in order to review regulations of the Food Stamp Program and to explain that the high redemption rate was a possible indication of violations of the Food Stamp Program, leading potentially to disqualification from the program.
A second visit by an FNS representative, confirmed by a letter dated September 11, 1980, again warned Mr. Han that violations of the Food Stamp Program could lead to disqualification. The confirmation letter also informed plaintiff Han that he would be responsible for violations committed by other persons handling food stamp transactions in Han's Farm Market.
The plaintiff's redemption rate of food stamps remained high in the early part of 1981, prompting Maurice C. McGrath, Officer in Charge of the Jersey City Field Office, to request that FNS investigate Han's Farm Market. Between February 5 and 10, 1981, five visits were made by FNS investigators to Han's Farm Market to determine whether plaintiff or his employees were violating food stamp regulations. On these five occasions, investigators were permitted to purchase with food stamps twenty-one ineligible products, including cigarettes, detergents, roach spray, oven cleaner and other non-food items. On four of the visits in question, plaintiff's wife participated in the sale; on one the plaintiff himself.
As a result of these visits and a report submitted by the investigators, FNS, on March 23, 1981, sent to plaintiff an additional letter charging violations of the Food Stamp Program's regulations, delineating the specific transactions where ineligible items were purchased with food stamps. Plaintiff responded to these charges, and FNS then proceeded to reach a determination which was rendered in letter form on August 21, 1981. FNS determined that violations had occurred and that Han's Farm Market would be disqualified from participating in the Food Stamp Program for a period of one year.
On August 25, 1981, plaintiff's attorney requested an administrative review of the FNS determination. Pursuant to this review, Administrative Review Officer Bert S. Hall, on June 16, 1982, affirmed the one-year disqualification imposed by the FNS. As a result of Mr. Hall's decision, plaintiff commenced this action on July 16, 1982.
*1566 The Food Stamp Act of 1977, 7 U.S.C. § 2011, et seq., provides for the following judicial review:
The suit in the United States district court or state court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue.
7 U.S.C. § 2022 (Supp. IV 1982).
The Government has presently moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) or, in the alternative, if matters outside the pleadings are considered, for summary judgment, pursuant to Fed.R.Civ.P. 56.
Plaintiff contends that this motion should be denied because there are genuine issues of material fact, specifically that plaintiff has never admitted that the violations which led to his disqualification occurred. Defendant points out that plaintiff's failure to respond adequately to defendant's requests for admissions under Fed.R.Civ.P. 36(a) operates as an admission. Rule 36(a) provides that "an answering party may not give lack of information or knowledge as a reason for failure to admit or deny, unless he states that he has made a reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny." Requests for Admissions numbered 14 through 34 delineate the purchases of ineligible items which are the subject of the present proceedings. As plaintiff states in his brief: "plaintiff has responded that he has insufficient information to admit or deny same as defendant has refused to provide discovery in this regard." On its face, this response is inadequate under Rule 36(a), for it fails to allege and specify any reasonable inquiry undertaken to obtain information which would enable plaintiff to admit or deny the admissions requested.
Plaintiff advances two related arguments which, he asserts, demonstrate the insufficiency of information which justifies his answers to Requests 14 through 34. He argues that the identities of the investigators and private citizens assisting the investigation who made the purchases in issue were never disclosed to him during administrative proceedings, because FNS claimed they were exempt from disclosure under the Freedom of Information Act (FOIA). See Plaintiff's Brief, Exs. 1, 2, 3 and 5 U.S.C. §§ 552(b)(6), 552(b)(7)(C) and 552(b)(7)(D).[1] Plaintiff also contends that this information has not been provided by defendants in answer to plaintiff's interrogatories in this action. See Interrogatories 1-4 annexed to Plaintiff's Brief as Exhibit 4. Answers to these interrogatories would, arguably, permit plaintiff to interview or depose the people disclosed, thus supplying the information necessary to either admit or deny items 14 through 34 of the Requests for Admissions. In short, plaintiff, in opposition to the present motion, has asserted a position comparable to that of a party opposing summary judgment but unable to "present by affidavit facts essential to justify his opposition." Fed.R.Civ.P. 56(e).
The Court must now address the issue of whether plaintiff is entitled, in this court action, to the identification of individuals whose identities were withheld in administrative proceedings under FOIA.
The Food Stamp Program is governed by the Food Stamp Act of 1977, 7 U.S.C. § 2011, et seq., and its regulations, 7 C.F.R. § 271, et seq. It was enacted to improve the nutrition of low-income households, by increasing "food purchasing power of low-income households." 7 U.S.C. § 2011. Participating retail establishments are authorized to accept food stamps from customers, *1567 in exchange for payment by the United States of full face value of all food stamp coupons accepted by the establishment or reimbursement through additional food inventories.
The Act defines eligible food as "any food or food product intended for human consumption except alcoholic beverages, tobacco ...." 7 C.F.R. § 271.2. The Act further provides that retail stores accepting coupons in exchange for ineligible items shall be disqualified from the Food Stamp Program. 7 U.S.C. § 2020. The length of disqualification period can range from six months to permanent disqualification, depending on the nature of violations and prior warnings by the FNS of possible violations. 7 C.F.R. § 278.6. Instead of disqualification from the program, a party may be subject to a civil/monetary penalty only upon demonstration to the Secretary that the store's disqualification "would cause hardship to the food stamp households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices." 7 C.F.R. § 278.6(e)(7)(f).
Once sanctions for violations under the Act are imposed, a party is given two opportunities to challenge the determination on the administrative level. Before final decision, a letter is sent, designating the specific violations charged and offering the party an opportunity to submit argument and evidence. 7 C.F.R. § 278.6(b). Sanctions will be delayed pending review. After reviewing the evidence presented, the reviewing officer can reverse, affirm or modify the penalty imposed. If the aggrieved party is not satisfied with this determination he may seek judicial review in a state or federal district court. 7 U.S.C. § 2022.
Defendant correctly asserts that "plaintiff bears the burden of establishing by a preponderance of the evidence" that the agency's determination to disqualify Han's Farm Market from participating in the Food Stamp Program is factually incorrect. Redmond v. United States, 507 F.2d 1007 (5th Cir.1975), (see Defendant's Brief at page 16). Failure on the part of the plaintiff to meet this burden will require the reviewing court to uphold the administrative determination.
To what evidence should plaintiff have access in endeavoring to sustain that burden? Not surprisingly, reported decisions regarding the scope and applicability of exemptions from disclosure under FOIA almost always result from proceedings brought against administrative agencies under that very Act for the disclosure requested. See 5 U.S.C. § 552(a)(4)(B). The present matter is somewhat different. Here, plaintiff has not brought suit under FOIA but, rather, seeks court review of a final determination of the administrative agency (FNS). The FOIA exemptions asserted by FNS during administrative proceedings herein were not contested under 5 U.S.C. § 552(a)(4)(B). In the present action plaintiff seeks disclosure, not in his capacity as a general citizen under FOIA, but as a litigant having particular rights of discovery under the Federal Rules of Civil Procedure. Additionally, defendant invokes those rules by service of his Request for Admissions and then raises as an obstacle to a fully informed response by plaintiff the very exemptions from disclosure which FNS asserted during administrative proceedings.
It is clear that plaintiff's rights to discovery in the present case are to be governed by the Federal Rules of Civil Procedure. However, his rights to the production of materials under FOIA are not in any way enhanced by the fact that he is a litigant in a court action. As stated by the Court in Marathon LeTourneau Co., Marine Div. v. N.L.R.B., 414 F.Supp. 1074, 1079 (S.D.Miss.1976):
... First, we note that it is immaterial here that Marathon claims a specific need for the documents in question in order to prepare its defense to the unfair labor practice charges pending against it. The FOIA was not enacted as a discovery device. "Discovery for litigation purposes is not an expressly indicated purpose of the Act."
*1568 The Marathon Court was quoting at that point from Renegotiation Board v. Bannercraft Co., 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974), and also cited the additional Supreme Court authority of N.L.R.B. v. Sears, Roebuck & Company, 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975).
Conversely, it would seem that the Government's rights in the present action are more significantly controlled by the Federal Rules of Civil Procedure rather than FOIA. Surely FOIA does not contemplate the indefinite shielding of "confidential sources" in District Court litigation where information garnered by those people is critical to adjudication of liability. As the Court observed in Marathon:
All of the "confidential sources" whose statements or affidavits are contained in these files are prospective witnesses whose identity will ultimately be disclosed to the respondent when they are called to testify. Weighing their interest in retaining their confidential status for a limited period of time against the FOIA's public policy of disclosure, we find no basis to consider such persons confidential sources within the meaning of Exemption 7(D) [5 U.S.C. § 552(b)(7)(D)], except for those persons whom the N.L. R.B. will stipulate that it will not call as witnesses.
Marathon, supra, 414 F.Supp. at 1084.
The present case is just such a trial where the investigating witnesses at plaintiff's market would be expected to be called to testify. This Court feels that it is singularly inappropriate to shield those witnesses from disclosure by the bringing of a motion for summary judgment without an accompanying revelation of the identity of those individuals in order to permit the plaintiff to determine whether there are genuine issues of material fact which would prevent the granting of summary judgment. This is particularly true in the present case where, instead of using the FOIA exemptions as a shield, defendant employs them as a sword by asking this Court to deem material facts admitted under its Requests for Admissions because of plaintiff's inability to respond to them due to the non-disclosure of the identities of those investigative witnesses. In this Court's view, defendant's insistence upon non-disclosure under the FOIA exemptions precludes the development of such a record as would permit this Court to consider this matter on summary judgment.
Defendant has filed a companion motion for "a protective order regarding plaintiff's interrogatories pursuant to Federal Rule of Civil Procedure 26(c)(4)", arguing that there should be no disclosure under FOIA and that in these interrogatories plaintiff seeks information outside the confines of the administrative record generated below. As noted above, the exemptions from disclosure under FOIA should not thwart plaintiff's rights of discovery in this case.
Arguably, the identity of the private citizen-purchasers in this case would be "privileged" because of the FOIA exemptions, and thus non-discoverable under Fed. R.Civ.P. 26(b)(1). The privilege against disclosure of an informant's identity is not, however, absolute. "The privilege is a qualified one and requires balancing the public interest in protecting the flow of information and assistance to the enforcement authorities against a party's right to prepare his case." 8 Wright & Miller, Federal Practice & Procedure § 2019. The privilege and this balancing test are applicable in both criminal and civil cases (ibid.) and disclosure has been ordered in each. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); Westinghouse Elec. Corp. v. City of Burlington, 351 F.2d 762, 767-71 (D.C.Cir.1965), on remand 246 F.Supp. 839 (D.D.C.1965); United States v. School Dist. No. 1, 40 F.R.D. 391 (D.S.C.1966); Timken Roller Bearing Co. v. United States, 38 F.R.D. 57 (N.D. Ohio 1964) (in camera disclosure). As stated by the Third Circuit, in a civil action:
[T]he privilege must give way where the disclosure of an informer's identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, Roviaro, supra .... *1569 No fixed rule as to disclosure is justifiable. One must balance the public interest in protecting the flow of information against the individual's right to prepare his defense, taking into consideration the particular circumstances of each case. Roviaro v. U.S.....
Mitchell v. Roma, 265 F.2d 633, 635-36 (3d Cir.1959). Applying this test, with the support of the Marathon decision in the specific context of the FOIA exemptions, this Court determines that in order that the plaintiff here may adequately prepare his case (as well as respond to defendant's Requests for Admissions) the identity of the private citizen-purchasers in this matter is not shielded from plaintiff's discovery.
Defendant also argues vigorously that since this Court's only function is to conduct a trial de novo based upon the record generated before the administrative agency discovery of facts outside that record is impermissible. Defendant's position regarding the record upon which this Court must base its decision is generally correct.[2] The Court is not inclined to permit plaintiff to submit additional evidence either known to or readily accessible to him at the time of the administrative proceedings. However, just as defendant may not use the FOIA exemption shield as a sword to obtain summary judgment, it may not use it also as a sword to prevent supplementation of the record by evidence only made available to plaintiff during the course of this present Court action.
Defendant's motion for summary judgment is denied, without prejudice to its renewal after completion of discovery. Defendant's motion for a protective order is also denied. Complete and responsive answers to plaintiff's interrogatories are to be provided on or before March 21, 1984. Attached hereto is an Order reflecting these decisions.
NOTES
[1] Those statutory subsections state that disclosure of information to the public under

[t]his section does not apply to matters that are ...
(6) personnel ... and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;
(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source ....
[2] See, however, the differing opinions concerning this scope of review which appear in Martin v. United States, 459 F.2d 300 (6th Cir.1972); Cross v. United States, 512 F.2d 1212 (4th Cir. 1975); Goodman v. United States, 518 F.2d 505 (5th Cir.1975); Studt v. United States, 607 F.2d 1216 (8th Cir.1979), and Kulkin v. Bergland, 626 F.2d 181 (1st Cir.1980).