**Ennis SUTHERLIN and Mittie Sutherlin, Appellants,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, Food & Nutrition Service, Appellee.**

No. 84–1754.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1984.

Decided Nov. 13, 1984.

Rehearing Denied Dec. 11, 1984.

Don G. Gillaspie, El Dorado, Ark., for appellants.

Larry R. McCord, Fort Smith, Ark., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Appellants Ennis and Mittie Sutherlin operate a grocery store in El Dorado, Arkansas. In January 1983, the United States Department of Agriculture disqualified the store from receiving food stamps for a period of three years. The Sutherlins appeal from an order of the district court[1] affirming the Department's action. We affirm the district court's order.

In their petition for judicial review of the administrative determination, and in this appeal, the Sutherlins have primarily contested the sanction imposed by the Department. We discussed the scope of appellate review of administrative sanctions in *Studt v. United States*, 607 F.2d 1216 (8th Cir. 1979). That case was also an appeal from an order of disqualification entered by the Department of Agriculture. We stated "if only the sanction is challenged, the district court must limit its review to a determination of whether the sanction imposed on the violator is arbitrary and capricious." *Id.* at 1218. *See also Butz v. Glover Livestock Commission Co.*, 411 U.S. 182, 185–86, 93 S.Ct. 1455, 1457–58, 36 L.Ed.2d 142 (1973), *reh'g denied*, 412 U.S. 933, 93 S.Ct. 2746, 37 L.Ed.2d 162 (1973) ("[T]he Secretary's choice of sanction was not to be overturned unless the Court of Appeals might find it 'unwarranted in law or ... without justification in fact ....' ").

The Sutherlins argue that the Department did not adequately consider the hardship to food stamp recipients that would result from the sanction of disqualification. Accordingly, they contend that the Department acted in an arbitrary and capricious manner by failing to impose a monetary sanction instead of disqualification. *See Milgram Food Stores, Inc. v. United States*, 558 F.Supp. 629 (W.D.Mo.1983). We have carefully examined the adminis-

---

1. The Honorable Oren Harris, Senior United States District Judge for the Western District of Arkansas.

trative record in this case and conclude that the Department made a thorough and conscientious inquiry into the hardship issue before disqualifying the Sutherlins' store from participating in the food stamp program. The administrative review officer concluded that "disqualification of [the Sutherins'] store would not subject * * * food stamp customers to hardship by depriving them of any shopping outlet at which to fully meet their food needs." The record amply supports this conclusion.

We agree with the district court's determination that the Department did not act in an arbitrary and capricious manner. Accordingly, we affirm.