661 F.Supp. 406 (1987)
Don ROREX, Plaintiff,
v.
UNITED STATES of America, acting By and Through the U.S. DEPARTMENT OF AGRICULTURE, FOOD & NUTRITION SERVICE, Defendant.
No. J-C-86-69.
United States District Court, E.D. Arkansas, W.D.
May 26, 1987.
*407 Dick Jarboe, Ponder and Jarboe, Walnut Ridge, Ark., for plaintiff.
Chalk S. Mitchell, Asst. U.S. Atty., Little Rock, Ark., for defendant.

JUDGMENT
ROY, District Judge.
On May 21, 1987, this Court held a hearing in this matter, and after hearing the evidence, found in favor of the defendant. Pursuant to the ruling from the bench, the Court hereby enters this judgment based upon the findings made from the bench.
The Court has jurisdiction of the subject matter, a review of administrative proceedings pursuant to 7 U.S.C. § 2023, and of the parties.
The suit for judicial review is to be a trial de novo by the Court. 7 U.S.C. § 2023(a). The de novo review applies to the factual basis of the agency's determinations. The District Court should make its own findings of fact and is not limited to the administrative record. Either party may offer additional evidence. Modica v. United States, 518 F.2d 374, 376 (5th Cir. 1975). The Court finds that the plaintiff failed to prove by a preponderance of the evidence that the decision of the Food and Nutrition Service (FNS) at issue is invalid. This finding is based upon a de novo review of the facts in issue. The testimony and evidence presented shows that it was undisputed that Carroll Rorex, the brother of the plaintiff, was at one of the stores, acting in the capacity of assistant manager, as reflected by redemption certificates introduced as exhibits. It is also clear that the plaintiff, Don Rorex signed a statement when he applied for authorization to accept and redeem food stamp coupons, stating that his two brothers, Jerry and Carroll Rorex, and their ex-wife and wife would have no interest in the stores in Corning or Hoxie, and that neither would any of the parties work in either store. The authorization of both of plaintiff's brothers to deal in food stamp coupons had been withdrawn for various reasons, some of which included criminal convictions, at the time the plaintiff had applied for authorization. Mr. Joseph Turecky, Chief of Compliance Management for the Food and Nutrition Service-Southwest Region, testified that plaintiff's authorization to accept and redeem food stamp coupons was based upon his compliance with the terms of the above agreement. The authority of the FNS to withdraw plaintiff's authorization is found in 7 U.S.C. § 2018 and 7 C.F.R. 278.1. Both the statute and the regulation provide for approval of applicants "whose participation will effectuate the purposes of the *408 Food Stamp Program." 7 U.S.C. § 2018(a); 7 C.F.R. 278.1(b). In making that determination, the FNS shall consider, among other factors, the business integrity and reputation of the applicant. 7 U.S.C. § 2018(a); 7 C.F.R. 278.1(b)(3). The Court finds it was reasonable to make it a condition of authorization that the plaintiff would not allow his brothers or their wives to have an interest in the stores, or to allow them to work in either store. Thus, when the agency discovered that one of the brothers, Carroll Rorex, had signed some redemption certificates as assistant manager, it was clear that the plaintiff violated the conditions of the authorization. Therefore, the actions of the agency in withdrawing the authorization were justified and proper.
With respect to the sanction imposed, that of withdrawing the authorization for an indefinite period of time, the standard for review is whether the sanction is arbitrary or capricious. When the factual basis for the administrative determination is found to be valid, the District Court is not authorized to substitute its judgment for that of the agency in determining the appropriate sanction. Studt v. United States, 607 F.2d 1216, 1218 (8th Cir.1979); See also Maxia v. United States, 687 F.2d 276, 278 (8th Cir.1982). "Only when the Department of Agriculture has acted in an arbitrary and capricious manner in imposing a sanction may the District Court alter the sanction." Studt v. United States, supra, p. 1218.
The Court finds that the sanction imposed in the present case was not arbitrary or capricious. The defendants were justified and authorized in imposing the sanction imposed.
Based upon the foregoing and the comments from the bench, the Court hereby finds that the actions of the agency were valid and the sanction imposed proper. Therefore, the Court hereby dismisses the plaintiff's complaint, each party to bear its own costs.